JAMES P. SANDERS, Appellant, *v.* THE VILLAGE OF YONKERS, Respondent.

An equitable action may be maintained to prevent a cloud upon title to lands, but it must be made to appear that there is a determination to create the cloud; it is not sufficient that the danger is merely speculative.

In an action to restrain the execution of a lease by defendant's trustees upon sale for an unpaid assessment, the complaint, after alleging a sale under an illegal assessment, set forth that by defendant's charter (chap. 678, Laws of 1868), leases given to purchasers upon sale for unpaid assessments are declared to be presumptive evidence that the assessments were legally imposed and the proceedings and sales regular. By the charter assessments are made a lien upon the premises, the owner is given one year in which to redeem, and the purchaser is not entitled to a lease until he has given at least sixty days' notice. The complaint did not allege that any steps had been taken by the trustees or the purchaser since the sale, or that the purchaser claims a lease, or that the trustees threaten or design to give one, or that the assessment is regular upon its face, or that there is any record making it *prima facie* regular. *Held*, that the facts stated did not entitle plaintiff to the relief sought; and that a demurrer to the complaint was properly sustained.

Also, *held*, that there was a defect of parties in the omission to make the purchaser a party defendant; and that the defect appeared upon the face of the complaint; that an allegation that the purchaser was living was not necessary, as it would be inferred from that portion of the prayer for relief asking that defendant be enjoined from executing a lease to the purchaser.

(Argued December 16, 1875; decided December 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order reversing an order of Special Term which overruled a demurrer on the part of defendant to plaintiff's complaint, and directing judgment for defendant upon the demurrer.

The complaint in this action alleged, in substance, that plaintiff was the owner of certain premises in the village of Yonkers. That defendant, by its board of trustees, caused an assessment to be levied thereon for improving a street, and have caused the property to be sold for the assessment. That by the village charter the lease to be given to said purchaser on said sale shall be presumptive evidence that said assessment was legally imposed and of the regularity of the proceedings and sale, and that the same would be a lien upon the property. The complaint set forth facts showing the assessment to be illegal and void, and asked that it be so declared, and that defendant, its agents, etc., be restrained from executing a lease to the purchaser.

Defendant demurred on the grounds: 1st. That there was a defect of parties defendant in the omission to make the purchaser a party. 2d. That the complaint does not state facts constituting a cause of action.

*Edward Wells* for the appellant. Plaintiff was entitled to the relief demanded in the complaint. (Charter, tit. 8, § 4, p. 26; 2 Laws 1868, chap. 673, pp. 1478, 1496; *Scott* v. *Onderdonk*, 14 N. Y., 9, 15, 16; *Tisdale* v. *Jones*, 38 Barb., 527; *Lewis* v. *City of Buffalo*, 29 How., 339; *Haywood* v. *City of Buffalo*, 14 N. Y., 541, 542; *Hatch* v. *City of Buffalo*, 38 id., 276; *Allen* v. *City of Buffalo*, 39 id., 386; *Crooke* v. *Andrews*, 40 id., 547; *Pettitt* v. *Shepard*, 5 Paige, 493; *Oakey* v. *Trustees of Wmsburgh.*, 6 id., 262; 2 Story's Eq. Jur., § 826; 2 Laws 1868, chap. 673, p. 1491, § 21.) The demurrer for defect of parties defendant in omitting the person who purchased at the sale, was not well taken. (*Schofield* v. *Van Sycle*, 23 How., 97; *Brainard* v. *Jones*, 11 id., 569; *Burgess* v. *Abbott*, 6 Hill, 135; Story's Eq. Pl., §§ 238, 541.)

*Ralph E. Prime* for the respondent. The complaint did not state facts sufficient to justify the interposition of a court of equity in granting the relief demanded. (*Heywood* v. *City of Buffalo*, 14 N. Y., 541; *Dows* v. *City of Chicago*, 11 Wall., 111.) There was a defect of parties defendant in omitting the purchaser at the sale. (*Wallace* v. *Eaton*, 5 How., 102; *Eaton* v. *Balcom*, 33 id., 80; *Chapman* v. *City of Bklyn.*, 40 N. Y., 382; *People* v. *Clark*, 53 Barb., 171.)

EARL, J. It is conceded by the counsel for the respondent that the assessments upon which plaintiff's property was sold were illegal and void.

The trustees of the village caused the property to be sold by virtue of these void assessments, and it is not alleged in the complaint that they had done or threatened or designed to do any thing else. But it is alleged in the complaint that, by the charter of the village, the lease to be given by the trustees to the purchaser on the sale is presumptive evidence that the assessment was legally imposed, and that the proceedings and sale were regular.

The village charter (Laws of 1868, chap. 673, tit. 8, § 4; tit. 9, §§ 35 and 38) provides that, for the non-payment of any tax, the trustees may cause the land assessed to be sold to the person who shall offer to take it for the shortest term; that they shall execute a certificate of the sale, which shall be recorded, and then become a lien upon the land; that the owner may have one year in which to redeem from the sale; that if the land is not redeemed within the year the trustees shall execute a lease to the purchaser, " which shall be presumptive evidence that such tax was legally imposed, and of the regularity of the proceedings and sale," but the title of the purchaser cannot become absolute against the owner, and he cannot be entitled to a lease until he shall have given at least sixty days' notice, in writing to the owner, specifying the property sold, and the tax or assessment for which it was sold, and the amount thereof.

There is no allegation in the complaint as to the time

when the sale took place, and it is not alleged that any certificate of the sale was given, nor that the year for redemption had expired, nor that the sixty days' notice had been given, nor that the purchaser claimed any lease, nor that the trustees threatened or designed to execute any. The proceedings may never be perfected, and may be abandoned on account of their illegality, and a lease may never be given. These facts do not present a case for equitable relief to prevent the execution of a lease. It should appear that there was at least some imminent danger that a lease would be given, and that the interference of a court of equity was necessary to prevent a cloud upon title. A court of equity may, doubtless, entertain a suit not only to remove a cloud upon title, but also to prevent one. But in the latter case it must appear that there is a determination on the part of the defendant to create the cloud. (*Pettit* v. *Shepherd*, 5 Paige, 493 ; *Oakley* v. *Trustees of Williamsburgh*, 6 Paige, 262.) It is not sufficient that the danger is merely speculative and potential.

In this view of the case I have assumed, as most favorable to the plaintiff, without deciding it, that a lease executed upon a sale for an unpaid assessment, would have the same effect as a lease executed upon a sale for an unpaid tax.

But it is claimed that the assessment was, by the charter, a lien (title 9, § 21), and hence that this action can be maintained to remove that as a cloud upon title. But the difficulty as to this claim is, that before the lease shall be given there is nothing in the charter making the assessment, when completed, presumptive or *prima facie* evidence, of itself, of its regularity, and there is no allegation in the complaint that the assessment is upon its face regular, or that there is any record which makes it *prima facie* or presumptive evidence of any thing. In such a case it is well settled that an action to vacate an assessment and remove it as a cloud upon title, cannot be maintained. (*Scott* v. *Onderdonk*, 14 N. Y., 9 ; *Heywood* v. *City of Buffalo*, id., 538 ; *Hatch* v. *City of Buffalo*, 38 id., 276 ; *Allen* v. *City of Buffalo*, 39 id., 386 ; *Crooke* v. *Andrews*, 40 id., 547.)

Hence I can see no grounds, upon any facts stated in the complaint, for the equitable relief demanded. But the other ground of demurrer, that " there is a defect of parties defendant, in the omission of the person who purchased at the sale " alleged in the complaint, is equally fatal to the complaint. (Code, § 144.) This is a defect which appears upon the face of the complaint. The purchaser has an interest in the assessment, and it certainly needs no argument to show that he should be a party to a suit brought expressly to vacate it and to restrain the village from giving him the lease to which he may be entitled. This is a special demurrer (as all demurrers under the Code are required to be) pointing out the precise defect; and even under the old system of practice such a demurrer was proper, although the complaint did not allege that the absent party was living. (*Burgess* v. *Abbott*, 6 Hill, 135 ; *Eaton* v. *Balcom*, 33 How. Pr. R., 80.) But it may fairly be inferred from this complaint that the purchaser was living, as it was a portion of the prayer for relief that the defendant be enjoined from executing the lease to the purchaser.

The judgment must, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.