GEORGE CLARK, APPELLANT, v. IRA DAVENPORT, AS COMPTROLLER OF THE STATE OF NEW YORK, RESPONDENT.

*Action to remove a cloud upon title created by a tax sale — what must be shown to maintain it.*

This action was commenced in December, 1881, to have a sale of the plaintiff's lands for non-payment of taxes set aside and a certificate therefor issued to the comptroller canceled and the execution of a deed enjoined. The lands were sold in November, 1881. It was conceded that the sale was irregular. The plaintiff claimed to be entitled to maintain the action upon the ground that the deed when executed would be presumptive evidence of the regularity of the proceeding.

*Held,* that as the comptroller had power to cancel the sale at any time before the conveyance was given if the sale was for any reason invalid, and as the deed could not be executed until after the expiration of two years, when a notice to redeem within six months must be given, there was no such threatened and immediate danger of a cloud upon the plaintiff's title as justified the maintenance of the action.

APPEAL from a judgment dismissing the plaintiff's complaint, entered upon the report of a referee.

On the 15th of November, 1881, the comptroller sold lands of the plaintiff for non-payment of taxes of 1873, 1874, 1875 and 1876, and on such sale the lands were bid in by the comptroller. A certificate of sale was made as required by law. A short time before the sale the plaintiff explained to the comptroller or his deputy the plaintiff's objections to the assessments and requested him to cancel the tax and stop the sale. This the comptroller through his deputy declined to do.

In December, 1881, this action was commenced to have the sale declared null and void, the certificate given up and the execution of a deed enjoined. The referee rendered judgment for the defendant and the plaintiff appeals.

*James B. Olney,* for the appellant.

*Leslie W. Russell,* attorney-general, for the respondent.

LEARNED, P. J. :

The point does not seem to be disputed that the assessments were irregular. The referee was of that opinion, and we find nothing in the defendant's points to the contrary.

If it were an open question I should think that it was only just, and equitable that one, whose lands had been sold under or for taxes or assessments, which were void, might maintain a suit in equity to set aside the sale. The serious evil of having a tax, or assessment, sale outstanding ought, in my opinion, to justify an action to set it aside. But the right to bring such an action has been limited to cases where the invalidity does not appear upon the face of the assessment (*Strusburgh* v. *Mayor*, 87 N. Y., 452, at p. 455), and to cases where the instrument to be executed by the authority which sells the property is presumptive evidence of the validity of the sale.

In the present case it is urged that the deed to be executed, after the lapse of two years is presumptive evidence. It was held, however, in *Sanders* v. *Yonkers* (63 N. Y., 489), that there must be some imminent danger that the instrument will be executed, which is to be presumptive evidence; that there must be a determination on the part of the defendant to create the cloud upon title.

Within that decision then this case falls. The action was commenced within a month after the sale. While two years must elapse before the deed can be executed, and a six months notice to redeem must be given. Before the conveyance the comptroller has statutory power to cancel the sale if the sale is for any cause invalid or ineffectual. It cannot be said, then, that there is such threatened and immediate danger of a cloud on the plaintiff's title as justifies, under the decisions in the State, the present action.

Judgment affirmed with costs.

BOARDMAN, J. :

I concur upon the authority of *Sanders* v. *Yonkers* (63 N. Y., 489). In the absence of an authority controlling our action, I should have said enough was shown to call upon a court of equity to order the certificate set aside and forbid the giving of the deed at the end of the two years. Under the authority the plaintiff must wait until the giving of the deed or at least until it is threatened by the comptroller, and then bring his action anew unless in the meantime the

comptroller decides upon his own motion or otherwise to set aside: the certificate. It ought to be sufficient that the deputy comptroller insists that the proceedings are regular and that the sale took place: in pursuance of such decision.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.