GEORGE CLARK, Appellant, v. IRA DAVENPORT, as Comptroller, etc., Respondent.

A certificate, issued by the State comptroller upon sale of lands for taxes, illegally laid, is not a cloud on the title, as the record of the proceedings, which one claiming under the certificate would be obliged to produce to enforce his claim, would develop any defect, rendering it invalid.

To maintain an action to prevent a cloud on title, it must be made to appear that there is a determination on the part of defendant to create the cloud; it is not sufficient that the danger is merely speculative.

Where, therefore, an action was brought against the State comptroller within a month after the issuing by him of a certificate on sale of land for taxes, among other things, to restrain the defendant from executing

a deed, on the ground that the taxes were illegally laid, — *Held*, that as by the statute (§ 83, chap. 427, Laws of 1855) the comptroller is prohibited from conveying and is directed to cancel the sale whenever he discovers, prior to a conveyance of lands so sold, that the sale was for any cause invalid, in the absence of any allegation or proof of a demand upon defendant to cancel the sale, and a refusal, or that he threatened or intended to execute a deed in pursuance of the certificate, the action was not maintainable.

*It seems* that under said statute an application could be made to the comptroller to cancel such a sale, and in case of refusal his proceedings may be reviewed by *certiorari*, or a *mandamus* issued to compel a compliance with the statute.

*Scott* v. *Onderdonk* (14 N. Y. 16), distinguished.

(Argued March 13, 1884; decided April 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made January 23, 1883, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial. (Reported below, 30 Hun, 161.)

The nature of the action and the material facts are set forth in the opinion.

*James B. Olney* for appellant. The certificate issued by the defendant was and is a lien, and constitutes a cloud on plaintiff's title. (1 R. S. [6th ed.] 966, § 109; Cooley on Taxation, 542, 543 and note; Cooley, 352, 353; Burroughs on Taxation, 320, 322; Blackwell on Tax Titles, 350; *Pierce* v. *Hall*, 41 Barb. 142; Cooley on Tax. 542; *Schroder* v. *Gurney*, 73 N. Y. 430; *Overing* v. *Foote*, 43 id. 290; *Sharp* v. *Spier*, 4 Hill, 76; *Heywood* v. *Buffalo*, 14 N. Y. 541; *Scott* v. *Onderdonk*, id. 9, 15, 16; *Benton* v. *Brooklyn*, 15 Barb. 375; *Mace* v. *Newburgh*, 15 How. 161; *Sanders* v. *Yonkers*, 63 N. Y. 489; *Dederer* v. *Voorhies*, 81 id. 153, 155; 12 Hun, 187; *Newell* v. *Wheeler*, 48 N. Y. 487; *Crooke* v. *Andrews*, 40 id. 547; *Beach* v. *Hayes*, 58 How. 17; *Rogers* v. *Sandy Hill*, 14 Weekly Dig. 45; *N. Y. & O.* v. *Davenport*, 65 How. 484; *Marsh* v. *Brooklyn*, 59 N. Y. 283; *Ward* v. *Dewey*, 16 id. 519; *Dederer* v. *Voorhies*, 81 id. 157; *Allen* v. *Buffalo*, 39 id. 386, 393.) As under

the ruling in *Sanders* v. *Yonkers* the comptroller threatens, if the certificate be not of itself a cloud, to create one, plaintiff is entitled to the relief sought. (*Scott* v. *Onderdonk*, 14 N. Y. 16; Cooley, 544; 1 R. S. [6th ed.] 966, § 107, 967; *Cook* v. *Andrews*, 40 N. Y. 551; *Masterson* v. *Hoyt*, 55 Barb. 529; *Beach* v. *Hayes*, 58 How. 17; *Guest* v. *Brooklyn*, 59 N. Y. 506–513; *Mann* v. *Utica*, 44 How. 338; *Palmer* v. *Rich*, 12 Mich. 414; High on Injunctions, 207; *Jenkins* v. *Supervisors*, 15 Wis. 11; *Burnett* v. *Cincinnati*, 3 Ohio, 88; *Dean* v. *Madison*, 9 Wis. 402; *Mitchell* v. *Milwaukee*, 18 id. 92; 26 Wend. 132; 20 Wis. 322; *Seigal* v. *Outagamie Co.*, 26 id. 70; *Morris Canal Co.* v. *Jersey City*, 1 Beasley, 227; *Litchfield* v. *County of Polk*, 18 Iowa, 70; *Earl* v. *Duras*, 13 N. W. R. 206; Note on Illegal Taxation, 13 Fed. Rep. 438; *Knudson* v. *Curley*, 15 N. W. R. 873; *Wheeler* v. *Washington Co.*, id. 376; *Wisconsin* v. *Lincoln Co.*, id. 121; *Fonda* v. *Sage*, 48 N. Y. 183; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 id. 399; *Wood* v. *Seeley*, 32 id. 114.) The answer is merely a general denial. The defendant, therefore, waived all objection to the action and its form, except that of the jurisdiction of the court. (Code, § 499; *Averill* v. *Ray*, 26 Hun, 319; *Covell* v. *Rathbone*, 19 N. Y. 37; Code, §§ 488, 499; *DeBussierre* v. *Holladay*, 4 Abb. N. C. 111; *McKeon* v. *Kearney*, 57 How. 352; 1 R. S. [6th ed.] 967; 3 Edm. [6th ed.] 368; Laws of 1855, chap. 427; 1 R. S. [6th ed.] 967.) There is nothing judicial as to the comptroller's duties. (*Hicks* v. *Dorn*, 9 Abb. [N. S.] 48; *Brunner* v. *Eastman*, 50 Barb. 641.) No presumption is to be indulged in when he is attempting, through a tax sale, to subvert the title of an individual. (1 R. S. [6th ed.] 970, §§ 128, 130; id. 529.) This action, whether in effect against the State or not, is properly brought against the defendant as comptroller. (50 Barb. 640; *Plumtree* v. *Dratt*, 41 id. 333; *People* v. *Contracting B'd*, 46 id. 259, 262.) If the State, under the taxing power, sells the land of a non-resident without his consent, every requisite of the statute having a semblance of benefit to the owner must be complied with. (*Newell* v. *Wheeler*, 48 N. Y. 486; *Brevoort* v. *Brooklyn*, 89

id. 132; *Jackson* v. *Shepherd*, 7 Cow. 88; *Adriance* v. *Mc-Cafferty*, 2 Robt. 153; Burroughs on Taxation, 205, 208, 210; *Dike* v. *Lewis*, 4 Denio, 237–9.) The assessors were required to denominate unoccupied lands, not owned by a person residing in the town, "lands of non-residents." (1 R. S. [6th ed.] 934; *People* v. *Cassety*, 46 N. Y. 55; *Whitney* v. *Thomas*, 23 id. 285.) The tract name must be given. (*Tallman* v. *White*, 2 N. Y. 66; *Hubbell* v. *Welden*, Hill & Denio, 144.) The statute requirements were not complied with on the assessment of either year. (1 R. S. [6th ed.] 934; *Westfall* v. *Preston*, 49 N. Y. 349; *Coleman* v. *Shattuck*, 62 id. 349; *Parish* v. *Golden*, 35 id. 462; Hill & Denio, 143; *Ritter* v. *Worth*, 55 N. Y. 628; 2 R. S. [6th ed.] 934, 936; *Stewart* v. *Fonda*, 19 Hun, 191; *R. R. Co.* v. *Lyon*, 16 Barb. 651; 1 R. S. [6th ed.] 939, § 26; id. 492, § 48; *Bellinger* v. *Gray*, 51 N. Y. 617; 1 R. S. [6th ed.] 912; *Woods* v. *Freeman*, 1 Wall. 398; *In re Rector*, etc., 61 How. 315, 326; *Matter of Second Ave.*, 66 N. Y. 396, 397; 1 R. S. [6th ed.] 942, 943, 949, 957, 960; *Coleman* v. *Shattuck*, 5 T. & C. 37; *Newman* v. *Supervisors*, 45 N. Y. 676.) The question is not what the assessors and supervisors intended to do, but what did they do. (Burroughs on Taxation, 211, 212.) The lands being misdescribed the sale was void. (*Tallman* v. *White*, 2 N. Y. 70, 71; *Dike* v. *Lewis*, 4 Denio, 237; 2 Barb. 344; 2 Comst. 72; *Coleman* v. *Shattuck*, 62 N. Y. 355; *S. C.*, 5 T. & C. 34.)

*D. O'Brien*, attorney-general, and *W. A. Poste* for respondent. The court had no power to grant the relief sought. The action is to all intents one against the State itself, and not within the jurisdiction of the court. (2 R. S. [7th ed.] 1029, § 66, subds. 1, 2, 3; *People* v. *Denison*, 84 N. Y. 272; *Shoemaker* v. *B'd of Comm'rs*, 36 Ind. 175, 186; *Carr* v. *U. S.*, 98 U. S. 433.) The plaintiff had a full remedy at law, and, therefore, must not resort to equity. (*Mut. L. Ins. Co.* v. *Sup'vrs*, 3 Keyes, 182; *Penn. Coal Co* v. *D. & H. C. Co.*, 31 N. Y. 91; *Susquehanna B'k* v. *Sup'vrs of Broome Co.*, 25

id. 313; *Western R. R. Co.* v. *Nolan*, 48 id. 513, 519; *Strusburgh* v. *Mayor, etc.*, 87 id. 455; 2 R. S. [7th ed.] 1032; *People, ex rel.*, v. *Sup'vrs*, 51 N. Y. 442, 446; *Mace* v *Newburgh*, 15 How. Pr. 161.) Assessors act judicially. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 511, 513; *Barhyte* v. *Shepard*, 35 id. 238.) Their action may be reviewed by *certiorari.* (*People* v. *Assessors*, 40 N. Y. 154; *Peple, ex rel.*, v. *Allen*, 52 id. 538; *People* v. *Trustees of Ogdensburgh*, 48 id. 390; *Western R. R. Co.* v. *Nolan*, id. 513, 518; Code of Civil Procedure, §§ 1991, 2120, subd. 2, § 2140.) The suit was premature. (*Strusburgh* v. *Mayor*, 87 N. Y. 455; 2 R. S. [7th ed.] 1026, § 46; id. 1028, §§ 61, 62, 63, 65; *Sanders* v. *Vil. of Yonkers*, 63 N. Y. 489, 491, 492, 493.) But even if it should be considered that the certificate of sale with the preliminary proceedings, did effect a lien of a certain nature upon plaintiff's lands, the defects therein, if defects there were, were apparent upon the face of the record of such proceedings, and must necessarily appear in the proceedings to enforce the lien. (*Dederer* v. *Voorhies*, 81 N. Y. 153; *Guest* v. *Brooklyn*, 79 id. 625; 69 id. 506.) In declining to set aside the tax sales, the comptroller acted judicially, and injunction will not lie against him for so acting. (*Strusburg* v. *The Mayor*, 87 N. Y. 455.)

MILLER, J. This action was brought to set aside a certificate issued by the comptroller upon a sale of lands for taxes on the ground that the same was irregular and void, and to cancel such certificate if the same had been issued; and if such certificate had not been issued, to enjoin the comptroller from issuing the same, and also to enjoin him from executing a deed by virtue of the sale made for said taxes. The right to maintain the action is based upon the ground that such certificate of sale is a cloud upon the plaintiff's title to the lands in question. There is no doubt that the taxes for which the lands were sold were irregularly and illegally laid, and hence there was no valid ground for making the sale, and the certificate issued by virtue of such sale would be unauthorized. It is well settled

by the decisions of this court that to authorize the interposition of the court to remove the lien of an assessment as a cloud upon title, it must appear that the record of proceedings are not void upon their face, and that the claimant under it would not, by the proof which he would be obliged to produce in event of an attempt to enforce his claim, develop the defect rendering it invalid. (*Dèderer* v. *Voorhies*, 81 N. Y. 156; *Guest* v. *City of Brooklyn*, 69 id. 506.) Under this rule it is apparent that the certificate of sale for the taxes irregularly and unlawfully laid could not be made available without proof showing the irregularity and invalidity of the proceedings, and hence, so far as this certificate is concerned of itself, it would seem that it would, with the accompanying proof necessary to give it any force whatever, establish its own invalidity and would not make out a cloud upon the title of the lands which had been sold for taxes.

The claim of the plaintiff, however, rests upon the effect to be given to the certificate by the deed of the comptroller, which might afterward be executed in pursuance of the certificate and in accordance with the statute. After the certificate has been issued as the statute requires, it is provided that the comptroller, six months prior to the expiration of the two years allowed for redemption of the lands, shall give notice of the failure to redeem, and that in case redemption is not made by a day certain, the lands will be conveyed. And it is further provided that in case of the failure of the person entitled to redeem such lands within two years, the comptroller is required to execute to the purchaser, his heirs or assigns, in the name of the people of the State, a conveyance of the lands so sold, and such conveyances are made presumptive evidence that the sale and all proceedings prior thereto, from and including the sale of the lands, and all notices required to be given prior to the expiration of the two years allowed to redeem, were regular. (2 R. S. [7th ed.] 1026, § 46; id. 1028, §§ 61, 62, 63, 65.) It would appear that when the deed has been executed that the introduction of the same as evidence would on its face show title in the grantee, and hence such deed might

well be considered as a cloud upon the title of the owner whose lands had been illegally sold for taxes.

The plaintiff's action is evidently brought to avoid the effect to be given to the certificate in connection with the subsequent proceedings. While a court of equity may entertain a suit to remove a cloud upon a title and also to prevent one, in the latter case it must be made to appear that there is a determination, on the part of the defendant, to create the cloud, and it is not sufficient that the danger is merely speculative. (*Sanders* v. *Yonkers*, 63 N. Y. 489.) The question then arises whether there was any danger to the plaintiff, at the time of the commencement of the action, that there was any such determination to execute a deed of the lands, in pursuance of the certificate, by the comptroller and thus create a cloud upon the plaintiff's title, which would authorize the interposition of a court of equity to avoid it. Under the statute whenever the comptroller shall discover, prior to the conveyance of any land sold for taxes, that the sale was, for any cause whatever, invalid or ineffectual to give title to the lands sold, the lands so improperly sold shall not be conveyed, but the comptroller shall cancel the sale, etc. (2 R. S. [7th ed.] 1032, § 83.) The statute also provides for canceling the deed by the comptroller after it has been executed, when the discovery is made that the sale was invalid. (Id., § 85.) Under this statute an application could have been made to the comptroller to set aside the sale by reason of the irregularity and invalidity in imposing the taxes for which the sale was made, and had he refused to do this in a proper case, no reason appears why the proceedings might not be reviewed by *certiorari* or an application made by *mandamus* to compel him to do so. The complaint contains no allegation, nor was there any proof upon the trial that a demand was made upon the comptroller, since the sale, to cancel the same, nor is it alleged in the complaint, nor did it appear upon the trial, that the comptroller threatened or that he intended to execute a deed, in pursuance of the certificate, of the lands sold. In fact the action was brought within a month after the sale had been made, and the time was not

near at hand where the six months notice should be given or a deed should be executed in accordance with law. It was not then manifest that there was any intention on the part of the comptroller to execute a conveyance of the lands sold. Before the notice had been given, which the law requires, there would appear to be no avowed intention to insist upon the validity of the certificate and to execute a conveyance of lands. Until that time arrived evincing that the plaintiff was in imminent danger of having a cloud placed upon the title to his lands by the action of the comptroller, it is not obvious that the intervention of a court of equity was essential in order to restrain the comptroller from performing an act which might impair or affect the title of the plaintiff. The contemplated injury, therefore, was entirely speculative and without sufficient grounds to justify an interposition of a court of equity. Mere apprehension and groundless fears are not enough to sanction an action of this character.

The authorities hold that in cases instituted for the purpose of setting aside the certificate of sale upon assessments on the ground of invalidity of prior proceedings, unless the certificates are a presumptive lien under the statute, an action to set them aside as a cloud upon title cannot be maintained. (*Allen* v. *Buffalo*, 39 N. Y. 386 ; *Scott* v. *Onderdonk*, 14 id. 9.)

The claim of the plaintiff's counsel that the case of *Sanders* v. *Yonkers* (63 N. Y. 489) is not analogous is not meritorious, and, as we understand, the case at bar is distinctly brought within the principle of that case. The danger here was very remote and founded entirely on apprehension, and within the rule laid down in the case cited no action could be maintained. Conceding, as is claimed by the appellant's counsel, that the irregularity might not appear in an action brought to recover possession of the lands after a deed had been executed, we still encounter the fact that the execution and delivery of such deed might never occur and was not threatened, or likely to take place at the time when the action was brought.

It cannot, we think, be said that within the case of *Sanders*

v. *Yonkers* (63 N. Y. 489) the comptroller threatened to create a cloud upon the title, for, as we have seen, the right still existed in him to cancel the certificate, and, for aught that appears, he may have concluded to take such a course before giving the notice or executing the deed. His action, in this respect, was the subject of review, and he was under no obligation to execute the deed if he deemed the taxes illegal, and the case here presented is not analogous to that of *Scott* v. *Onderdonk* (14 N. Y. 16), cited by the appellant's counsel, where the judgment was put on the ground that the corporation of the city of Brooklyn was ready to create a cloud upon the title, as was apparent from the terms of the certificate of sale, and therefore it was right they should be enjoined from proceeding further toward that object. No such intention is apparent in the case considered, and there was no ground for claiming that the comptroller, if he had had the power to do so, would have executed the conveyance of the lands sold and thus impaired the title of the plaintiff.

We are referred to numerous authorities in the courts of other States which, it is claimed, sustain the position of the appellant's counsel. We do not deem it necessary to discuss them in detail in view of the fact that the question considered is fully settled by the decisions of our own courts already cited.

From the examination which we have given to the case under consideration, we are brought to the conclusion that the action of the plaintiff was prematurely brought, and that no error was committed upon the trial.

The judgment should be affirmed.

All concur.

Judgment affirmed.