THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, v. ALFRED C. CHAPIN, as Comptroller of the State of New York, Respondent.

*Practice — application for the cancellation of a tax sale — the comptroller's decision cannot be reviewed by* mandamus.

The remedy of a party, believing himself aggrieved by a decision of the comptroller denying an application for the cancellation of a sale for taxes, is by *certiorari* and not by *mandamus.*

Appeal from an order made at the Albany Special Term, denying a motion for a writ of peremptory *mandamus.*

The relator is the owner and holder of a mortgage upon certain lands situated in Clinton county, which in 1877 were sold for unpaid taxes for the years 1866 to 1870, inclusive, and a deed therefor was thereafter in due time given by the comptroller to the State, as purchaser.

In 1881 the lands were again sold for the unpaid taxes of 1871 to 1876, inclusive, and at the expiration of the time to redeem were again conveyed to the State as required by law.

On the 20th day of November, 1885, the relator, as such mortgagee, applied to the comptroller to cancel the sales and conveyances on the grounds:

1. That the oath of the assessors to the assessment-roll of 1869 was not in the form required by statute, in that the words "*the*" and "*due*" are omitted; the words "*property*" and "*one*" are

PEOPLE ex rel. EQUITABLE L. ASS. SOC. v. CHAPIN. 231

Third Department, January Term, 1886.

substituted for "*state*" and "*person*," respectively; the word "*debt*" is used instead of "*debts;*" "*stock*" instead of "*stocks;*" "*is*" in the place of "*are;*" the words "*true and full*" instead of "*full and true*," and the word "*information*" instead of "*judgment*."

2. That said oath was sworn to before a notary public instead of a justice of the peace.

3. That at the sale of 1881, the comptroller refused to allow relator to bid on said lands, but peremptorily bid them in for the State.

The comptroller denied said application, and the relator thereupon, at a Special Term held in Albany county, November 24, 1885, moved for a peremptory writ of *mandamus* to compel the comptroller to cancel said sales. The motion was denied and an order entered accordingly. From that order an appeal has been taken to this court.

*Charles H. Moore* and *Frank E. Smith*, for the relator.

*D. O'Brien*, attorney general, for the Comptroller.

By the Court:

We think that the motion was properly denied. If the relator was entitled to review the comptroller's decision, he should do so by *certiorari*, as was done in *People ex rel. Wright* v. *Chapin*, decided in this court, November, 1885.

Whether, in a particular case under the statute, the comptroller decides on a question of fact or on a question of law, in either instance his decision is *quasi* judicial.

Section 2070 of the Code, to which the relator cites us, does not determine in what cases *mandamus* will lie. It only determines that where *mandamus* is the proper remedy, there, if the question be one of law, the *mandamus* may be peremptory in the first instance.

The relator also cites *In re Clemente* v. *Jackson* (92 N. Y., 591). But it is remarked in that case that the proceeding was "not for an adjudication upon the title, but wholly between the relator and the respondent to compel the latter to perform a statutory duty, the effect of which, in case of dispute, must be determined hereafter."

232   PEOPLE ex rel. EQUITABLE L. ASS. SOC. *v.* CHAPIN.

THIRD DEPARTMENT, JANUARY TERM, 1886.

That language would hardly apply to the cancellation of a deed by the comptroller under the statute in question.

The remark in *Clark* v. *Davenport* (95 N. Y., 477), cited by the relator, was merely *obiter*. It did not state when *mandamus* and when *certiorari* would be the proper remedy.

*The People ex rel. Townshend* v. *Cady* (50 Supr. Ct. N. Y. [18 J. & S.], 399) was a *mandamus* simply to compel a clerk of arrears to receive certain taxes, an act wholly ministerial.

In *The People ex rel. Andrews* v. *Brinkerhoff* (20 Week. Dig., 391) the *mandamus* was refused.

The case of *Attorney General* v. *Boston* (123 Mass , 460), also cited by the relator, contains, at page 472, a very good statement of the matter. Speaking of *mandamus*, it says : " It not only lies to ministerial, but to judicial officers. In the former case it contains a mandate to do a specific act, but in the latter *only to adjudicate, to exercise a discretion* upon a particular subject."

Had the comptroller refused utterly to consider the relator's application, there would be reason for asking a *mandamus*, not to direct the comptroller how to act, but to require him to exercise his discretion. But the comptroller has not refused to consider the relator's application. He has considered it and denied it.

The proper use of the remedy by *mandamus* is also stated in *People ex rel. Francis* v. *Common Council* (78 N. Y., 33, at p. 39). It is not a remedy for erroneous decisions. It cannot be addressed to a judicial tribunal to require it to decide in a particular manner. And this rule applies to every body whose action is in its nature judicial.

In chapter 427, Laws of 1855, section 83, we find the following : " Whenever the comptroller shall discover * * * that the sale was for any cause whatever invalid or ineffectual to give title," etc. Now this certainly does not describe a ministerial duty. It is for the comptroller to " discover," that is, to decide that the sale is invalid. That decision may depend on a question of fact or a question of law, or on both. In deciding it, the comptroller may err in point of law or in point of fact ; but in one case, as in the other, the remedy for the aggrieved party is by *certiorari* ; that is to say, assuming that there can be review of the comptroller's action.

Without passing on the other questions, therefore, the order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Order affirmed, with ten dollars costs and printing disbursements.