BORK v. CITY OF BUFFALO, et al.

*(Supreme Court, General Term, Fifth Department.　October 19, 1888.)*

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—INJUNCTION—CLOUDS UPON TITLE.

An action against a city to restrain the confirmation and collection of an assessment upon plaintiff's property for a local improvement, the complaint alleging the making of a contract for the performance of the work invalid because the assessment had not been confirmed, cannot be maintained as one to remove a cloud upon title, or to prevent the creation of such a cloud, where no illegality in the assessment proceedings is shown; and as the action is not one by a tax-payer to prevent a waste of the public funds, under Code Civil Proc. N. Y. § 1925, there is no support for it.

Appeal from special term, Erie county.

Action by George Bork against the city of Buffalo and Anzi L. Barber to restrain proceedings in the confirmation and collection of a tax for a local improvement. The complaint was dismissed, and plaintiff appeals. Code Civil Proc. § 1925, allows an action by a resident tax-payer to prevent waste of or injury to the estate, funds, or other property of a county, town, city, or village.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Shire & Van Peyma,* for appellant.　*W. F. Worthington* and *Frank C. Laughlin,* for respondents.

BRADLEY, J.　This action was brought to restrain the city of Buffalo and its officers and agents from proceeding in the matter of confirmation and collection of an assessment upon the property adjacent to Fillmore avenue for its pavement, and from the performance upon the avenue of any pavement work under the proceedings and contract in question.　This claim for relief is founded upon the alleged facts that, upon proceedings taken by the park commissioners of the city for the paving of Fillmore avenue, an assessment was made upon the adjacent property, of some of which the plaintiff was owner, and his assessment amounted to upwards of $9,000; that a contract had been made with Anzi L. Barber to perform the work, and that he had entered upon its performance.　The plaintiff charges that this contract is unauthorized and invalid, because the assessment had not been confirmed; and contends that such confirmation was essentially prerequisite to the making of the contract.　The statute then in force provided that there should be a board of park commissioners of the city, having the name and style of "The Park Commissioners;" that the board should have the full and exclusive power to make rules and by-laws for the transaction of its business, and to govern, manage, and direct, and to lay out and regulate, the parks and the approaches thereto, and as to them should possess all the power and authority possessed by the common council in respect to the public streets, sidewalks, squares, and places in the city; that the board should have the sole and exclusive power, by contract or otherwise, to open, grade, construct, repair, and maintain the roadways of such approaches, and the assent of adjacent owners should not be necessary, but that no such work should be done, where any part of it is assessable to them, until notice of intention to order it should have been published in the official paper of the city by order of the board, for at least two weeks, of a time at which all persons interested might have an opportunity to be heard before the same should be so ordered; that the common council of the city should in every year grant to the park commissioners such sum of money as they should require, and as to the common council should appear reasonable and just, for the government, improvement, paving, and maintenance of the parks and their approaches, etc.; and the statute also provides that one-half the expenses for opening, grading, paving, constructing, repairing, or otherwise improving the curbing and roadways of such approaches shall be a charge upon the adjacent property benefited, and a lien thereon, and

be assessed, levied, and collected in the same manner as other local assessments, and that the other half should be raised by general tax. Laws 1885, c. 181, §§ 22, 23, 28. The board of park commissioners so created seems to be a department within the city, and vested with powers defined in quite general terms, substantially giving to it the control and management of the parks, and over the construction and improvement of the streets which are deemed approaches to the parks; and for that purpose the board has the sole and exclusive power to make contracts. This Fillmore avenue is one of the approaches within the park system of the city, and, with a view to paving it, the board adopted a resolution expressing an intention to order it, and directed the publication of notice of such intention, which was done pursuant to the statute. No one appearing at the time and place designated to oppose the proposed improvement, the proposal of Barber to make it was accepted by the board, a contract was executed, and the board made to the common council its report that the commissioners had entered into contract with Barber to do the work at a price specified, and that it would be necessary for the common council to raise by local tax one-half the amount, which was also specified, to be assessed upon the adjacent property benefited by the improvement. The common council thereupon directed such amount of one-half to be so assessed and levied. The assessors thereafter made the assessment so directed, and no further action was taken by the common council in reference to such assessment. In the mean time, and after making the contract, Barber, the contractor, commenced the work upon the avenue.

The objection on the part of the plaintiff to the proceedings and the legality of the result given to them is that the assessment was not confirmed, and that until then there was no power to enter into the contract, or to authorize the commencement of the work, because the statute provides that the city shall not enter into a contract for doing or making any work or improvement for a price exceeding $500, except for sprinkling and watering of streets, until the assessment therefor has been confirmed. Laws 1870, c. 519, tit. 9, § 19, as amended by Laws 1885, c. 181, § 20. The evident purpose of this provision is to give an opportunity for those interested to be heard, and have the assessment roll perfected before the contract is made. Laws 1870, c. 519, tit. 6, §§ 12–14. The power vested in the park commissioners did not change the method of making the assessment by the assessors, or that of confirmation in the manner provided by the sections last cited. This was in progress at the time of the commencement of this action, and in the complaint apprehension was expressed that confirmation might be reached on the day of the date of the summons and of the affidavit verifying the complaint, unless the defendant was restrained by the injunction order of the court. There seems to be nothing inherently essential to the proceedings otherwise than by force of the statute, that the assessment roll should be confirmed before the making of the contract, as the right given to order and make the improvement and the local assessment to aid in payment of its expense is unqualifiedly conferred upon the constituted authority. It is therefore unnecessary for any practical purpose to extend by construction the terms of section 19 beyond their fair import. The provisions of that section relate to the cases in which the city is empowered to make contracts. The sole and exclusive power by contract to grade, construct, repair, and maintain this avenue was in the park commissioners. This embraced the work in question; and, with a view to the exercise by them of such power, a notice and its publication are required, that persons having occasion for it may be heard upon the subject of the contemplated improvement. The park commissioners are by statute constituted a department in the city government, and as such vested with the power within prescribed regulations to take proceedings and make contracts for the repair, etc., of such approaches. And it is at least questionable whether the provisions of the charter making the confirmation of the assessment roll a condition

precedent to the entering into contract by the city is applicable to the proceedings taken by the park commissioners. Their authority is in some respects independent in character, and without any action of the common council their intention is declared, of which notice is given, and after the opportunity for hearing is had they may accept proposals by which the requisite amount for the work is definitely fixed. Thereupon, pursuant to the direction of the common council, the local assessment which it is required to order is made, to enable the commissioners to execute their order for the improvement. And the condition precedent to which this is subject is that no such work shall be done, where any part thereof is locally assessable, until notice of intention to order it shall have been given as before mentioned. Laws 1885, c. 181, § 23. But whether or not this system providing for the proceedings of the park commissioners is also subject to the provision of section 19, requiring such confirmation preliminary to the making by the city of a contract for work, etc., there is a difficulty in the way of the maintenance of this action. The only purpose, in view of the allegations of the complaint, for which it could be supported, was to remove a cloud from the plaintiff's title to the land upon which the assessors were proceeding to make the assessment, (*Guest* v. *Brooklyn*, 69 N. Y. 506, 509; *Strusburgh* v. *Mayor*, 87 N. Y. 455; *Osterhoudt* v. *Rigney*, 98 N. Y. 229,) or to prevent the creation of such cloud pursuant to an existing purpose to do so, (*Sanders* v. *Yonkers*, 63 N. Y. 489.) The assessment was not a cloud at the time of the commencement of the action, and would not become such until the roll was confirmed and delivered to the city treasurer. Laws 1870, c. 519, tit. 7, § 1, as amended by Laws 1871, c. 719, § 7. Sufficient appears to justify the conclusion of a purpose to make the assessment a lien upon the plaintiff's land. But nothing appears tending to show that it was or would be illegal as such. The fact that a contract had been made to do the work did not necessarily invalidate the proceedings taken and in progress to make the assessment. So far as it appears, such proceedings were regular. The plaintiff was not prejudiced by the contract and action under it; and, assuming that it was invalid because made before the completion of the assessment, the city was not charged by it, nor was it in the way of making a contract for the work when all that was essentially prerequisite in the proceedings to doing it should have been accomplished. *People* v. *Mayor*, 5 Barb. 43; *Lyth* v. *Buffalo*, 48 Hun, 175, 180. A different question upon such assumption might have been presented if the action had been brought by the plaintiff as a tax-payer, under the statute for the purposes provided by it. Code Civil Proc. § 1925. But such is not the nature or purpose of the action, and there seems to be no support for the action upon the facts presented by the record. The judgment should be affirmed.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur.