(22 Misc. Rep. 46.)

### WEED et al. v. ROBERTS et al.

(Supreme Court, Special Term, Franklin County.    December, 1897.)

1. INJUNCTION PENDENTE LITE.
    A court of equity will not grant an injunction pendente lite when the effect thereof would be to decide difficult questions of law before the trial, unless it be first established that it is necessary in order to prevent an irreparable injury, or that plaintiff has an undoubted legal right to it.

2. TAX SALES—CANCELLATION BY COMPTROLLER—CONSTITUTIONAL LAW.
    Laws 1897, c. 392, conferring upon the comptroller the power to vacate or set aside the cancellation of a tax sale made by his predecessor in office, is a valid exercise of legislative power, and is not repugnant to the constitution.

3. EQUITY—RESTRAINING CLOUD ON TITLE.
    A court of equity will not entertain a suit, to prevent a cloud upon title to land, unless it be made to appear that there is a determination on the part of the defendant to create the cloud, and the danger thereof must not be speculative, but real.

Suit by Smith W. Weed and others against James A. Roberts, as comptroller, and others.    Application for injunction pendente lite. Denied.

Frank E. Smith, for plaintiffs.

T. E. Hancock, Atty. Gen., for defendant Roberts.

Frank L. Bell (E. Countryman, of counsel), for defendants Davis and others.

McLAUGHLIN, J.    There are many difficult questions of law involved in this proceeding, and to grant the injunction asked for by the plaintiffs would be in effect to decide these questions in their favor before the trial, and this a court of equity will not do unless it be first established that it is necessary in order to prevent an irreparable injury, or that the plaintiffs have an undoubted legal right to it.    The papers presented do not establish either, and therefore the application must be denied.    My reasons for reaching this conclusion are as follows:

First. It does not appear that the act of the comptroller, if he considers the application referred to, will be in any way prejudicial to the rights of the plaintiffs.    The comptroller not only denies that he has determined or formed any intention to grant the application,

but, in addition, he alleges that he has formed no opinion as to the merits of it. It is therefore fair to assume, if the plaintiffs' contention be correct, either as to the law or facts, that the comptroller will not grant the application.

Second. I do not think that chapter 392 of the Laws of 1897 is repugnant to the constitution. The power conferred upon the comptroller to vacate or set aside the cancellation of a tax sale made by his predecessor in office is a valid exercise of legislative power. If the legislature could confer upon the comptroller the power to cancel in the first instance, it necessarily follows that it could thereafter confer upon the same officer power to vacate or set aside a cancellation. In other words, it could authorize him to reconsider or rehear the matter once passed upon, and revise, reverse, or confirm his former decision. The fact that the cancellation was made, not by the present comptroller, but by his predecessor in office, is immaterial. The office is a continuous one, and a new comptroller takes up the business pertaining to the office just where it was left by his predecessor, and carries it on in the same manner and with the same legal effect as if he had been the comptroller during the preceding term.

Third. If the comptroller entertains the application, and his decision thereon be adverse to these plaintiffs, they can review his action by writ of certiorari, and, if illegal, the same will be reversed. People v. Campbell, 152 N. Y. 51, 46 N. E. 176.

Fourth. The plaintiffs have an adequate remedy at law. If the tax sale referred to is invalid, their title to the land in question is not affected. They may keep and defend their possession of it, or, if put out of possession, they may regain it by an action of ejectment. People v. Roberts, 151 N. Y. 543, 45 N. E. 941.

Finally, a court of equity will not entertain a suit to prevent a cloud upon title to land, unless it be made to appear that there is a determination on the part of the defendants to create the cloud, and it is not sufficient that the danger is merely speculative; it must exist; it must be real. Clark v. Davenport, 95 N. Y. 483; Sanders v. Village of Yonkers, 63 N. Y. 489. There is nothing which shows or tends to show that the act of the comptroller will be adverse to the plaintiffs. The proceeding to vacate and set aside the cancellation may never be perfected; it may be abandoned; the comptroller may refuse to vacate. The most that can be said is that the comptroller may act, and that his act may be adverse to the interests of the plaintiffs. Something more than this must be shown.

The application for injunction pending the action is denied, with $10 costs, to abide the event; the form of the order to be agreed upon, or, in default thereof, to be noticed for settlement before me (at least two days' notice to be given).