Statement.

---

# Richmond.

LENNIG v. HARRISONBURG LAND & IMPROVEMENT CO. AND OTHERS.

November 21, 1907.

1. EQUITY—*Quieting Title— Enforcement of Lien on Part of Tract—Irreparable Injury.*—If the purchaser of a part of a tract of land, who, knowingly, purchased subject to a vendor's lien on the whole tract, can maintain a bill in equity against his vendor and the holder of the lien to compel the enforcement of the lien against the residue of the tract, the bill must make such definite averments of fact as will show imminent danger of irreparable injury if equitable relief is not afforded.

2. PRINCIPAL AND SURETY—*Purchaser of Part of Tract of Land Subject to Vendor's Lien.*—The purchaser of a part of a tract of land which is subject to a vendor's lien, who has purchased with notice of the lien and taken his title subject to it and without covenant against it, but who has paid no part of it, and is in no way personally liable for its payment, is in no sense a surety for the payment of the lien.

3. QUIETING TITLE—*Purchaser of Part of Tract of Land Subject to Lien— Suit to Compel Enforcement of Lien.*—A purchaser in possession under a deed with general warranty, but without any covenant against encumbrances, cannot maintain a bill against his vendor to remove a cloud upon his title created by a vendor's lien on the whole tract, of which that purchased is a part, when there is no averment of the insolvency of his grantor, or of the insufficiency of the residue of the tract to pay the lien.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Charles G. Herring,* for the appellant.

*Conrad & Conrad,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

The averments of the bill filed in this case by appellant against the Harrisonburg Land and Improvement Company and J. M. Snell, appellees, are, that the appellant is the owner and in the possession of seventeen certain lots of land, situated in the corporate limits of the town of Harrisonburg, in the county of Rockingham, giving the number of each lot, as shown on a recorded plat of the addition known as the Harrisonburg Land and Improvement Company's addition to the town of Harrisonburg; that appellant had purchased, paid for and obtained deed for said lots from the Harrisonburg Land and Improvement Company about fourteen years theretofore, which deeds were made with the covenant of general warranty, and filed as exhibits with the bill; that there is a vendor's lien owing by and due from the said company for a large part of the unpaid purchase price (from three to four thousand dollars) for the lands and lots now owned by said company, or at any time conveyed by the company to appellant and other purchasers; that said vendor's lien, represented by bonds, is now owned by said J. M. Snell, a stockholder in and director of the said company; that appellant's lots are very valuable, and could be sold at a good price, but for the cloud upon the title thereto occasioned by said unpaid vendor's lien; that appellant has been forced to hold his lots for fourteen years, pay taxes thereon, lose the use of his money invested therein, and is now confronted with the equally ruinous alternative of continuing this condition of affairs indefinitely, with the interest on the vendor's lien debt continually increasing, or of sacrificing his

property at the low prices it would bring with the said cloud upon the title; that the said Harrisonburg Land and Improvement Company still owns a large tract of valuable land and many valuable lots with improvements thereon, and appellant is informed and avers that the lands still owned by the said company are in equity bound for, and will be first subjected and applied to the payment of said vendor's lien; that the said real estate still owned by the said company is ample to pay off and discharge all the liens and incumbrances upon the said property now owned by the said company, if the same is applied thereto at once, but, if the said company continues in the future as in the past to default in the payment of the interest upon the said vendor's lien debt, it will be only a question of time until the property of said company will cease to be adequate to pay off and discharge said vendor's lien debt, and appellant's lots will be taken for same and lost to him.

It is further averred that appellant has patiently waited fourteen years for the said company to pay their debts and clear appellant's title, and that he has a right to resort to a court of equity to have said lien satisfied, and the said cloud removed from his title; the prayer of the bill being that, upon the taking of all proper accounts, a sale of the lands still owned by the Harrisonburg Land and Improvement Company, or so much thereof as may be necessary to pay off and discharge said vendor's lien debt, be ordered, etc.

To the bill the defendants demurred upon several special grounds, stated in writing, in which demurrer the appellant joined; and upon the hearing the circuit court sustained the demurrer and dismissed the bill.

The first ground of demurrer is a mere reiteration of the general demurrer, and of the remaining five it is only necessary for us to consider the second, viz.: "That the allegations of the bill are not sufficient upon which to base the relief sought."

"In order for a person successfully to invoke the interposition of equity to remove a cloud, he must not only establish the

validity of his own title, but also the invalidity of his opponent's." 6 Am. & Eng. Ency. L. (2nd. ed.) 156, and authorities cited in note. Also Pomeroy's Eq., secs. 724-5.

The authorities cited by appellant in support of the proposition that an unsatisfied mortgage will be decreed a cloud and relief granted, do not sustain the view appellant contends for, but are in accord with the rule established by the weight of authority, that the bill, to be maintained, must be against "one who asserts an adverse title under a mortgage, the validity of which is denied by the plaintiff." *Clouston* v. *Shearer*, 99 Mass. 209; *Carter* v. *Taylor*, 3 Head (Tenn.) 30.

It will be observed that the vendor's lien (by decree) is admitted by the bill, and it is not pretended that it is not a valid, subsisting and enforceable lien. Were this valid, enforceable lien, with the knowledge of appellant and subject to which he took title to his lots, such a cloud upon title as equity would relieve, his bill does not aver such imminent danger of irreparable injury as is necessary to authorize a court of equity to grant the relief asked.

"The danger must be more than speculative." *Saunders* v. *Village of Yonkers*, 63 N. Y. 489; *Torrent* v. *Booming Co.*, 22 Mich. 354.

The bill nowhere avers (as alleged in the petition for this appeal), that "the complainant is in imminent danger of losing his entire property." On the contrary, it is averred that the Harrisonburg Land and Improvement Company still owns a large tract of valuable lots, with improvements thereon, which lands, still owned by the company, are in equity bound for and will be first subjected and applied to the payment of the vendor's lien; and, in the following paragraph, it is admitted that the real estate owned by the company "is ample to pay off and discharge all the liens and incumbrances upon the company's property if applied thereto at once." The necessity for applying the company's property *at once*, in order to shield appellant's lots from liability to the vendor's lien, is not made to

appear by any facts stated in the bill, nor is it made to appear that the owner of this vendor's lien (appellee Snell) has been guilty of *mala fides* in not heretofore enforcing it. *Non constat,* but that by litigation or other sufficient cause he has been unable to do so.

It is not pretended that appellant, at any time before the filing of his bill, even requested the owner of this vendor's lien to enforce it, or the lien debtor to pay it, for the protection of appellant, and that the request was denied. Whether, if this has been averred, it would have been sufficient on demurrer to entitle him to maintain his bill in a court of equity, we are not to be understood as expressing any opinion. The averred necessity for the vendor's lien being enforced *at once,* is but the expression of an opinion not founded upon facts stated, and is purely speculative. There is no averment that the land company is not reducing its debt, or that it is defaulting in interest, nor that it, in a short time, will amount to more than the value of land still owned by the company, or first liable before appellant's land could be subjected, the nearest approach to such an averment being, that if the company "continues in the future as in the past" to default in the payment of the interest on the vendor's lien debt, "it will be only a question of time until the property will cease to be adequate to pay off the lien debt." Just how much time would be required to bring about this apprehended injury to appellant is left entirely to conjecture. Such indefinite averments are not sufficient to be construed into an immediate or reasonable apprehension of loss, justifying the intervention of a court of equity.

Much of the argument for appellant is directed to the right of a surety; but it is clear, we think, that the argument and the authorities cited to support it are wholly inapplicable— first, because the averments of the bill do not present that question; and, second, in no view of the facts averred could appellant be regarded as occupying the relation of surety for the payment of the vendor's lien in question. He has paid no part

of it, and is in no way liable personally for its payment, but is only a purchaser, with notice of the vendor's lien, and took his title subject to it, and without covenant against it. His case, therefore, falls under the control of that class of cases to which belong *Marbury* v. *Thornton,* 82 Va. 704, 1 S. E. 909; and *Beale* v. *Seiveley,* 8 Leigh 658.

In the first-named of these cases it is held, that a covenant of warranty can never be treated as a covenant against mere incumbrances. If there has been breach of the warranty, the party injured has adequate remedy at law; but to constitute such breach there must be an eviction, or the plaintiff prevented from taking possession of the premises. Appellant's bill admits that he is in possession, and has not been evicted or disturbed in his possession. Therefore, in order to afford him the relief he seeks, a court of equity would have to treat the covenant of "general warranty" in his deed as a covenant against a mere incumbrance, which would be to make a new contract for him.

After stating the rule as to executory contracts, Professor Lile, in his Notes to Merwin's Equity, sec. 740, says: "The rule, however, is wholly different in the case of an executed contract—that is, a conveyance of real estate. Here, as a general rule, the vendee who has taken a conveyance, must rely upon the covenants of title in the deed, and if there be none, he purchases at his peril, in the absence of bad faith on the part of the vendor."

And in Merwin's Equity, sec. 429, it is said: "When the parties have made a definite contract, equity will not relieve against its consequences, because it has become less profitable or more onerous on account of some contingency against which the contract did not provide. A court of equity cannot make a new contract for the parties."

That appellant is not, upon the averments of his bill, entitled to the intervention of a court of equity, is very clearly and conclusively shown by the well considered opinion by Tucker, J., in *Beale* v. *Seiveley, supra,* in which he says: "He (vendor)

may, therefore, be willing to give a general warranty, which cannot be enforced until eviction, but not a covenant for good title, which he may not have. Where he enters into a general warranty without other covenants, he makes himself only responsible for eviction and secures to himself the advantage of every doubt which hung over his title being removed by lapse of time. In these cases, therefore, the vendee is confined to the covenant of general warranty. He has chosen, or at least agreed upon, his remedy, and to that remedy he must be tied down. However bad his title, he cannot sue upon his warranty unless he be evicted; and if he cannot do so at law, upon what principle can equity make the vendor liable beyond the terms of his contract? How can equity make him responsible farther? * * * It cannot do so without making a new contract for the parties, or interpolating a new and substantive principle into that already made. * * * I am aware of no case in which the rights of the party have been extended in equity beyond his covenants. * * * But, after a deed has been made and accepted, though our courts have given relief *in anticipation* of an eviction which is impending, accompanied by the danger of insolvency, they have never gone one jot beyond the covenants, except where the fraud of the vendor gives rise to a distinct cause of action, independent of the covenants."

Conceding, as counsel for appellant contends, that the object of the suit in that case was to avoid paying the grantor what grantee had contracted to pay, and that the opinion says: "If plaintiff had averred that defendant was insolvent or in failing circumstances, he would have had the right to maintain his bill," this does not help appellant's case, since there are no such averments in his bill. Instead of alleging the insolvency of the vendor's lien debtor, the averment is made, as already stated, "that the real estate owned by the company is ample to pay off and discharge all the liens and incumbrances upon the company's property," etc. Nothing whatever is said as to whether or not the company has other property than that covered by the

vendor's lien held by appellee Snell, or that it owes other debts.

As to the company being "in failing circumstances," beyond the vague and indefinite averment, already adverted to, that if the company "continued in the future as in the past to default in the payment of the interest upon the said vendor's lien debt, it will be only a question of time until the property of said company will cease to be adequate to pay off and discharge said vendor's lien," etc., the bill is silent.

· We are of opinion that the decree appealed from is without error, and, therefore, it is affirmed.

*Affirmed.*